



THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOHANA V. CASTRO
Assistant Corporation Counsel
phone: (212) 788-0976
fax: (212) 788-9776
email: jcastro@law.nyc.gov

**MEMO ENDORSED**

March 5, 2008

BY FAX
(212) 805-7924
Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: LaFontaine v. City of New York et al., 08 CV 1555 (SHS)

Dear Judge Stein:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York assigned to the above-referenced case and the attorney for defendants the City of New York and the New York City Police Department. I am writing to respectfully request a sixty-day enlargement of time, from March 5, 2008 to May 5, 2008 within which the City and the New York City Police Department may answer or otherwise respond to the complaint. The undersigned writes without the consent of plaintiff's counsel, Jared Lefkowitz, Esq., who would only consent to the enlargement of time provided that defendants waive service and jurisdictional defenses, which defendants respectfully submit they are not prepared to do. This is defendants' first request for an enlargement of time in this action.

    The complaint alleges, inter alia, that plaintiff Alberto LaFontaine was falsely arrested, imprisoned and maliciously prosecuted. In addition to the City of New York and the New York City Police Department, plaintiff purports to name Police Officer Virgilio Bencosme as a defendant.[1] Before this office can adequately respond to the complaint, we will need to conduct

---

[1] On information and belief, Police Officer Bencosme was served with the summons and complaint in this action on or about February 15, 2008. Without appearing on his behalf or making any representations with respect to service I also respectfully request that Police Officer

Continued...

an investigation into the facts of the case. To this end, defendants will need to obtain releases from plaintiffs to access the underlying arrest and criminal court records regarding this action. The enlargement of time will therefore afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the Police Officer Bencosme. Police Officer Bencosme must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendants' time to answer the complaint until ~~May 5,~~ April 11, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Johana Castro (JC 1809)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY FAX
(917) 887-8991
Jared Lefkowitz, Esq.
Attorney for Plaintiff
48 Wall Street, 11th Floor
New York, NY 10005

SO ORDERED 3/6/08

SIDNEY H. STEIN
U.S.D.J.

---

Bencosme's time to answer or otherwise respond to the complaint also be extended until May 5, 2008.

2