UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

ALBERTO LAFONTAINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER VIRGILIO BENCOSME, and JOHN DOES #1-10,

Defendants.

---------------------------------------------------------------------- x

**ANSWER**

JURY TRIAL DEMANDED

08 CV 1555 (SHS)

Defendants City of New York, the New York City Police Department and Police Officer Virgilio Bencosme, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff was arrested on or about January 27, 2007 and indicted for Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree and Possession of Ammunition.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Defendants state that the allegations set forth in paragraph "5" of the Complaint constitute legal conclusions to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff presented identification as a federal correction officer at the time of his arrest.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the underlying criminal matter was dismissed on motion by the Bronx County District Attorney's Office.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Assistant District Attorneys assigned to the underlying criminal matter.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Admit the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

15. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Virgilio Bencosme is employed as a Police Officer with the New York City Police Department.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendants state that the allegations set forth in paragraph "17" of the Complaint constitute legal conclusions to which no response is required.

18. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 5, 2007.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 5, 2007.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that the claim has not been paid or adjusted.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that the instant Complaint was filed on or about February 14, 2008.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was arrested on or about January 27, 2007.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff stated to Police Officer Bencosme that he was a federal correction officer.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff produced identification that he was a federal correction officer.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff was arrested on or about January 27, 2007.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the information purportedly conveyed to the Assistant District Attorney.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any conversation between plaintiff and his wife and son.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's fears.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that plaintiff was arrested on January 27, 2007.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "39" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Assistant District Attorneys assigned to the underlying criminal matter.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any conversation between the Assistant District Attorneys assigned to the underlying criminal matter and their supervisors.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Defendants state that the allegations set forth in paragraph "47" of the Complaint constitute legal conclusions to which no response is required.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint, except admit that the underlying criminal matter was dismissed on motion by the Bronx County District Attorney's Office

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

73. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

74. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

75. Defendant Police Officer Virigilio Bencosme has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

76. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

77. Plaintiff caused or provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

78. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

79. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

80. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

81. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

82. Punitive damages cannot be awarded against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

83. The New York City Police Department is a non-suable entity.

**WHEREFORE,** defendants City of New York, the New York City Police Department and Police Officer Virgilio Bencosme request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 11, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York,
the New York City Police Department and
Police Officer Virgilio Bencosme
100 Church Street, Room 3-189
New York, N.Y. 10007
(212) 788-0976

By: ______________________
Johana Castro (JC 1809)
Assistant Corporation Counsel

TO: BY ECF & BY MAIL
Jared Lefkowitz, Esq.
Attorney for Plaintiff
48 Wall Street, 11th Floor
New York, NY 10005

08 CV 1555 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERTO LAFONTAINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER VIRGILIO BENCOSME, and JOHN DOES #1-10,

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, the New York City Police Department and Police Officer Virgilio Bencosme*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ...................................................., *2008*

.................................................................................... *Esq.*

*Attorney for* ......................................................................